UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph A. Porter,

                Plaintiff,

                                    Civ. No. 09-2536 (RHK/SER)
                                    **MEMORANDUM OPINION**
                                    **AND ORDER**

v.

Officer Mark McDonough and City of
Coon Rapids,

                Defendants.

      This matter is before the Court on the Objections (Doc. No. 87) of Plaintiff Joseph A. Porter to the Bill of Costs (Doc. No. 86) of Defendants Mark McDonough and the City of Coon Rapids. For the reasons set forth below, the Objections will be sustained in part and overruled in part.

      This case arose out of Defendant McDonough's use of a police dog to find and arrest Porter in August 2007. The Complaint alleged that McDonough, a Coon Rapids police officer, used excessive force when he allowed his canine partner to bite (and continue biting) Porter before calling him off. Porter initially asserted seven claims against McDonough and the City of Coon Rapids. Two counts against the City were dismissed by stipulation, and a substantive-due-process claim was dismissed by the Court pursuant to the parties' agreement prior to trial; surviving to trial were claims of excessive force under 42 U.S.C. § 1983 and assault, battery, and negligence under state law. Those claims were tried to a jury on January 13, 2011, and January 14, 2011. On

January 14, 2011, the jury returned a verdict for Defendants. This Court adopted the jury's verdict, and judgment was entered on January 18, 2011.

Following trial, Defendants filed a Bill of Costs seeking to recover $15,718.78 they expended in connection with this case. Porter has raised several Objections to the Bill of Costs, which are discussed in turn below.[1]

1. **Propriety of costs.** Porter argues that the Court should exercise its discretion to deny all costs under Federal Rule of Civil Procedure 54(d). Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This codifies the "presumption that the prevailing party is entitled to costs." Greaser v. Mo. Dep't of Corr., 145 F.3d 979, 985 (8th Cir. 1998) (quoting Bathke v. Casey's Gen. Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995)). Relying on Greaser, Porter argues that despite the presumption in favor of awarding costs to a prevailing party, the Court should exercise its "substantial discretion" to deny costs here. See id. at 985. He points to two factors weighing against awarding costs: (1) his inability to pay, and (2) a potential chilling effect on injured plaintiffs wishing to pursue their rights. (Objections at 3.)

While inability to pay may support denying costs, it does not mandate it. See In re Derailment Cases, 417 F.3d 840, 845 (8th Cir. 2005) ("We have upheld the award of

---

[1] Under Federal Rule of Civil Procedure 54(d)(1), the Clerk of the Court typically first taxes costs, after which a party may appeal the Clerk's action to the presiding judicial officer. However, the Court need not wait for the Clerk to tax costs before acting on the opposing side's objections, see, e.g., Nelson v. Darragh Co., 120 F.R.D. 517, 518 (W.D. Ark. 1988) (Morris Sheppard Arnold, J.) (collecting cases recognizing that district court may act on bill of costs before court clerk). The Court, rather than the Clerk, will resolve Defendants' Objections here and determine whether to tax costs at all and, if so, in what amount.

costs under Rule 54(d) in similar situations in which the district court considered the economic hardship of the parties against whom costs were assessed."). Furthermore, "an indigent prisoner is not immune from an assessment of costs." Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003) (upholding taxation of costs against an indigent and incarcerated party). Here, the Court recognizes that Porter may have difficulty paying Defendants' costs due to his current incarceration and indigence. Nevertheless, given the clear victory Defendants obtained and the general weakness of Porter's evidence at trial, the Court believes taxing costs against him is appropriate.

The argument that taxing costs will have a "chilling effect" on civil-rights claims is similarly unavailing. While taxing costs against a losing party may lead one to pause before filing a lawsuit, Rule 54(d)'s presumption nonetheless evinces a general policy in favor of the practice. See, e.g., Fields v. Shelter Mut. Ins. Co., No. 05-CV-1924, 2007 WL 1702512, at *2 (E.D. Ark. June 12, 2007) (awarding some costs despite plaintiff's arguments that it would "put a chill on the enforcement" of her rights and that she was under financial strain). Were it otherwise, costs could never appropriately be taxed against losing plaintiffs in civil-rights cases, which the Eighth Circuit has expressly sanctioned. See Lampkins, 337 F.3d at 1017; see also Goostree v. Tennessee, 796 F.2d 854, 864 (6th Cir. 1986) ("The prevailing party in a civil rights action . . . is in the same position as any other prevailing party with respect to costs available pursuant to 28 U.S.C. § 1920."). In short, the Court will not decline to tax costs outright. It will analyze Porter's remaining objections to specific costs in turn.

2. **Expert witness fees.**  Porter objects to the $13,057.50 in expert witness fees Defendants seek.  This amount excludes the costs of the expert witness's attendance fee and mileage, which are claimed elsewhere in Defendants' Bill of Costs (and to which Porter does not object).  Section 1920 does not provide for recovery of expert fees.  See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 297–98 (2006) ("[T]he recovery of witness fees under § 1920 is strictly limited by [28 U.S.C.] § 1821, which authorizes travel reimbursement and a $40 per diem.").  Porter argues that the expert witness fees Defendants seek are not taxable costs and would be recoverable only as part of an attorney fee award, which Defendants are not seeking in this case.  See 42 U.S.C. § 1988 (providing that a court may include expert fees as part of an attorney's fee award); accord, e.g., Murphy, 548 U.S. at 297 ("'[C]osts' is a term of art that generally does not include expert fees.") (citation omitted); Neosho R-V Sch. Dist. v. Clark, 315 F.3d 1022, 1033 (8th Cir. 2003) ("[T]he term 'costs' should be construed narrowly as not including expert witness fees.") (citation omitted).  Defendants have not responded to this objection, even though the expert fees they seek comprise the vast majority of the total costs claimed.  The Court will deduct $13,057.50 from the taxable costs.

3. **Filing fee.**  Porter objects to Defendants recovering a $320 filing fee they paid to the state court where this case was originally filed, arguing they have provided no authority for recovering this cost.  However, as Defendants' Response highlights, 28 U.S.C. § 1920(1) expressly allows taxing filing fees.  Further, this District's Bill of Costs Guide specifically notes that "[i]f the case was removed from state court, any filing fee

paid by the prevailing party in state court may also be taxed." (See D. Minn. Bill of Costs Guide at 4.) Accordingly, the Court will tax the cost of this filing fee.

    4. **Deposition of Deputy McCall.**  Porter next objects to $142.50 for Defendants' deposition of Deputy Christopher McCall, since McCall did not testify at trial. Defendants respond that McCall's deposition was taken in anticipation of him testifying at trial and was necessary to their case even though he did not ultimately testify. Costs for deposition transcripts are recoverable under 28 U.S.C. § 1920(2) if they were "necessarily obtained for use in the case." The fact that a deposition was not used at trial is not dispositive. See Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). Courts have awarded deposition costs where deponents were potential trial witnesses who had a substantial connection to the case. E.g., Soler v. McHenry, 771 F. Supp. 252, 255–56 (N.D. Ill. 1991), aff'd 989 F.2d 251 (7th Cir. 1993). Here, there is no question that McCall was a potential trial witness. He was identified on the witness lists of both Porter and Defendants, and he was present at the courthouse during the trial and prepared to testify if needed. Based on these circumstances, the Court cannot conclude that McCall's deposition was unnecessary to Defendants, and its cost was reasonable. Accordingly, the cost of this deposition will be included in taxable costs.

    5. **Mileage and fees for McDonough.**  Porter objects to Defendants' attempt to tax $91.93 for the attendance fees and mileage costs of Defendant McDonough. He argues that no authority allows a party to recover his own witness fees or mileage to attend trial; Defendants have failed to respond to this objection. While witness fees and mileage are generally taxable, this District's Bill of Costs Guide expressly excludes the witness fees

and expenses of <u>parties</u> from taxable costs.  (<u>See</u> D. Minn. Bill of Costs Guide at 6–7.) Porter's objection to these costs will be sustained, and McDonough's mileage and witness fees will be deducted from taxable costs.

    6. **<u>Copying costs.</u>**  Next, Porter objects to Defendants' copying costs, arguing that the claimed $481.89 was incurred for documents that were not introduced at trial, including medical records and prison records.  Pursuant to 28 U.S.C. § 1920(4), a party may recover "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Defendants maintain that these copies were necessarily obtained for use in the case because they consisted primarily of courtesy copies of proposed exhibits (which by Local Rule they were required to provide to the Court) and materials relied upon for impeachment purposes or potential impeachment during the trial.  The extensive medical records and prison records were listed on the parties' proposed exhibit lists; the fact that some were ruled inadmissible or were not introduced does not mean they were not necessarily obtained for use in the case.  Moreover, the rate at which Defendants are seeking to recover their copy costs (15 cents per page) is reasonable.  Porter's objection to the copying costs is thus overruled; the costs will be taxed.

    7. **<u>Docket fees.</u>**  Defendants seek $34 for docket fees pursuant to 28 U.S.C. § 1923, to which Porter also objects.  Section 1920(5) references § 1923(a), which allows a $20 docket fee to be taxed upon the trial or final hearing in a civil case.  Defendants explain that, of the $34 they seek, a $20 fee was for the Court's judgment in this matter (Doc. No. 84), while a $14 fee was for docketing the certified judgment in Anoka County.  The $20

docket fee is specifically recognized (and allowed) by § 1923(a) and § 1920(5). However, Defendants have not adequately explained to the Court why they needed to pay the additional $14 fee in Anoka County. Accordingly, the $20 fee will be taxed, while the additional $14 fee will not be taxed.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Porter's Objections to Defendants' Bill of Costs and Motion for Review (Doc. No. 87) are **SUSTAINED IN PART** and **OVERRULED IN PART**. It is further **ORDERED** that the Clerk of Court tax $2,555.35 in costs against Joseph A. Porter.


Dated: March 2, 2011                          s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Judge